United States District Court
For The State Of Rhode Island

Oliver Lyons 42 U.S.C. 1983
Civil Action
vs
Ashbel T Wall Etal Ca No
Inspector Ronald Langlow
Detective Dougherty [redacted] 05 094 ML
Chief Inspector Aldrich
Detective Croce

Jurisdiction

This Court has lawful Jurisdiction over this legal action Pursuant to section 42 U.S.C. 1983

This Complaint also invokes the Pendant Jurisdiction of this Court

Parties

The Plaintiff Oliver Lyons is a 55 year old white male State prisoner in the custody of the D.O.C. Cranston, Rhode Island 02920 and is serving a sentence of 5 years 9 months the Plaintiff received via Rhode Island Superior Court on or about May 16, 2000 at a Violation hearing He the Plaintiff received all his probation to serve.

Lyons V. A T Wall et al Complaint

The Plaintiffs probation was for an allegation he had sold some of his perscription medication.

One year later the Plaintiff was found not guilty of the charges that was the basis of his Violation.

This is a Civil Action lawsuit being brought and filed by the Plaintiff Pro Se Oliver Lyons.

Pursuant to U.S.C. 42 1983 The Plaintiff alleges the Violation and abridgement of his Constitutionly Protected Rights under the 14th Amendment Viz the right to Due Process of Law

The Plaintiff also seeks the right to a jury trial on demand, a Declaratory Judgment that holds the Defendants responsible for wrongful Misconduct and actions Monetary Damages and Injunctive Relief

Parties

Plaintiff has been in the lawful custody of the D.O.C. viz A T Wall Etal

Defendants

The Defendant officials A T Wall and Chief Inspector Alan Aldrich and Detective Croce are being sued in both their individual as well as their official capacity viz on the theory of Respondent Superior

The Defendants Inspector Ronald Langlois and Detective Dougherty make up the rank and File and and as such are being sued in both their Individual and Official Capacities as well.

Lyons V Wall Etal Complaint

Facts And Travel of The Case

The Plaintiff was charged with the crime of assault on a correctional officer on June 13, 02 with bodily fluids.

Defendant Inspector Ronald Langlois of the Department of Corrections and Defendant Detective James Dougherty of the Rhode Island State Police deliberately destroyed the physical evidence thereby depriving him the Plaintiff of the "constitutionally guaranteed access to evidence" United States v Valenzuela Bernal 458 U.S. 858 1982 that is an essential element of the notion of fundamental fairness embodied in the 14th Amendment of the United States Constitution. With respect to "material exculpatory evidence" The United States Supreme Court held in Arizona V Youngblood 488 US 51 1988 that the government's good or bad faith in destroying evidence is irrelevant.

The report of RISP Detective James Dougherty contained in the information Package states that the officer's shirt which allegedly was stained by the fluid thrown by the Plaintiff was destroyed.

On 6 17 02 Defendant Inspector of the Department of Corrections Inspectors Office responded to the State Police Office located on the ACI grounds. Defendant Detective Dougherty and Defendant Inspector Langlois photographed the uniform shirt belonging to Officer Dennett as well as two Styrofoam cups allegedly seized from the cell of the Plaintiff. A stain on the shirt was clearly visible. It was determined to discard the seized items as they were potential "bio hazards". This action was contrary to the clear written policies of both the Rhode Island State Police and the Department of Corrections pertaining to the preservation of physical evidence.

Rhode Island State Police "General Order" 53 B "Evidence / Property" governs the collection and preservation of physical evidence which is defined therein as "any substance or material found or recovered in connection with a criminal investigation."

The Order articulates its mission in pertinent part as follows:

Greater efficiency in the identification, collection, and preservation of physical evidence at the crime scene is essential! To safeguard its evidentiary value all evidence must be carefully collected, correctly identified, properly packaged and secured then accurately described so that the integrity of the evidence cannot be challenged, every person who has handled, examined, transported or stored the evidence must be accounted for. Division members should always keep in mind that the availability of pertinent and reliable evidence may either implicate or exonerate a person only if it is reliable and valid.

The Order instructs that [i]t is imperative that all evidence be protected from contamination,

alteration destruction and/or damage."
Detailed instructions include the following:
"Special types of evidence necessitate special handling procedures:
i Liquid blood samples should be placed in properly sealed containers and stored promptly in refrigerators ii Wet or bloody clothing should be air dried and packaged in paper bags iii Physiological fluids should be frozen."

With respect to submission of evidence for laboratory examination the Order perscribes that
(a) seized evidence subject to laboratory examination shall be submitted to the appropriate laboratory as soon as practicable. In situations where perishable evidence such as fresh blood blood-stained objects physiological stains and tissue and biological materials cannot be submitted in a timely fashion, such perishable evidence shall be stored in the Divisions Bio hazard Storage Refrigerator. As with all evidence members are to ensure that the proper chain of evidence is recorded when handling perishable evidence.

This was not done by Defendants

Dougherty nor Langlois.

The Rhode Island Department of of Corrections has its own policy and precedure for the Protecting Gathering and Preserving of Evidence set forth in policy 9.16 D.O.C. 5 8 2000

Inspector Langlois didn't follow policy and admitted under oath in Providence Superior Court that he and Defendant Dougherty decided to destroy all evidence allegedly pants shirt and two cups Contrary to their policies Detective Dougherty admitted under oath to destroying all evidence for Bio hazard reasons despite admitting the State Police had five Bio hazard Refrigerators at five barracks throughout the State.

Inspector Defendant Langlois said he had the officers shirt and two cups in his trunk for four days and that the officer had taken his pants home Defendant Langlois said he

seized the officers pants and shirt on 6 13 02.
Defendant Langlois said he had the evidence in his trunk for four days because he didn't want to contaminate the Department of Corrections.
Inmates blood and urine is taken and stored in refrigerators at the D.O.C. and tested at Eleanor Slater hospital laboratories.
The Plaintiff refused to plead guilty to assaulting an officer with body fluids and proceeded to trial and incredibly was found guilty.
Because of Defendants Dougherty and Langlois destroying all evidence contrary to their policies the Plaintiff was denied exculpatory evidence and was denied his <u>Due Process</u> under the <u>14th Amendment</u> to the United States Constitution.
Any sentence the Plaintiff receives will be because Defendants

Inspector Langlois and Detective Dougherty didn't do their job and abused their position. Their Superiors Defendants Chief Inspector Alan Aldrich and Detective Croce of the State Police gave their consent to the destroying of all evidence knowingly and willfully and knowing the evidence should be preserved, and tested for a criminal prosecution.

The State Police have evidence submitted and tested at the Rhode Island Crime Laboratory at the University of Rhode Island and the Rhode Island Department of Health Laboratory in Providence Rhode Island.

All evidence shall be submitted along with a State Toxicologist Report.

Obviously none of this was done and why not?

/

Claims

1st Cause Legal arguments

A person charged with a crime has a constitutionally guaranteed access to evidence "United States v Valenzuela Bernal 458 U.S. 858 1982

With respect to "material exculpatory evidence" the United States Supreme Court said in Arizona v Youngblood 488 U.S. 51 1988 that the Governments good or bad faith in destroying evidence is irrelevant.

That the Defendants failed to follow the policies and procedures adopted by their Departments Cf Miranda v Arizona 384 US 436 1966

2nd Cause of Action Due Process

A significant hardship and much pain and continued incarceration as a result and consequence of said stated facts alleged here in the Plaintiffs Complaint under Facts and Travel of the case as enumerated outlined and stated in page's 1 thru 8

Constitutional Law

For the Defendants to be held in violation of the Plaintiffs Due Process Rights the Defendants must have Violated a right secured by the United States Constitution and Laws of the United States and must show that the Defendants acted under color of State law.

A Defendant in a 42 U.S.C. 1983 suit acts under color of State law when he abuses the position given him by the State.

## Relief

1. For a Plaintiff to have a Federal cause of action under 42 U.S.C. 1983 for alleged violation of his or hers Constitutional rights a Plaintiff must show
1. That he or she was deprived of rights and privileges or immunities secured by the Constitution or law of the United States
2. That Defendants acted under color of State law.

Where upon the Plaintiff seeks and believes himself to be entitled to the following relief to be provided by this Honorable Court

A. Preliminary injuntive relief that halts and puts an end to the Defendants acting Contrary to clear written policies of their Departments and stop the Defendants from destroying evidence in any criminal investigation when their policies clearly provide for the preservation, protecting and testing of evidence.

B. A jury trial on demand

C. A Declaratory Judgment against the actions of the Defendants Wall Etal.

D. Punitive and Compensatory Monetary Damages in the amount unspecified to be determined by a jury.

E. Costs and legal expenses incurred to be paid to the Plaintiff or his Attorney

F. Barr the Defendants from retaliating against the Plaintiff in any conceivable way imaginable for as long as he remains in the custody and charge of Defendant Officials Wall Etal

G. Any other such relief that this Honorable Court determines to be equitable and just and fair.

Oliver S Lyons
Plaintiff Pro Se
Oliver S. Lyons
P.O BOX 8249
Intake Service Center
Cranston, Rhode Island 02920