**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**OLIVER LYONS**

v. CA. No. 05- 094 ML

**A.T. WALL**, et al.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Confined at the Adult Correctional Institutions in Cranston, Rhode Island, *pro se* plaintiff Oliver Lyons filed a Complaint and named as defendants Ashbel T. Wall, Inspector Ronald Langlois, Detective Doherty, Chief Inspector Aldrich, and Detective Croce. Plaintiff's allegations in his Complaint are as follows:

On or about June 13, 2002, inmate - plaintiff Oliver Lyons allegedly threw his bodily fluids on a correctional officer. As a result, the State charged him with criminal assault. Plaintiff proceeded to trial in the state courts on the charge. The state court "incredibly found [him] guilty," see Complaint at 7, despite the fact that the plaintiff's bodily fluids were not preserved as evidence. Furthermore, plaintiff alleges that certain defendants admitted while testifying that they destroyed the plaintiff's thrown bodily fluids and admitted that they failed to preserve the victim's clothing along with two Styrofoam cups used to commit the assault. Plaintiff alleges that the defendants instead photographed the evidence and then destroyed it, testifying that the evidence was potentially bio-hazardous.

Based upon these allegations, plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the defendants "deliberately destroyed the physical evidence" in violation of his



3

Fourteenth Amendment Due Process rights. See Complaint at 2. Plaintiff seeks compensatory and punitive damages, in addition to injunctive relief.

Section 1915A of Title 28 of the United States Code directs the Court to review prisoner complaints before docketing or soon thereafter to identify cognizable claims or dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; See also 28 U.S.C. § 1915(e)(2). Pursuant to this directive, this Court finds that the instant Complaint fails to state a claim upon which relief can be granted for the following reasons.

First, to the extent that plaintiff seeks to recover damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Here, neither plaintiff's conviction nor his sentence, stemming from the offense charged, has been invalidated. Any determination by this Court in this proceeding that the plaintiff was entitled to the evidence at issue would necessarily call into question the validity of plaintiff's conviction and sentence. That is something this Court can not do here. See id. Thus, plaintiff's Complaint should be dismissed.

Second, to the extent that the plaintiff may be seeking to be released from custody, a state prisoner has no cause of action under § 1983 to challenge the very fact or duration of his physical imprisonment. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Accordingly, the instant Complaint should be dismissed.

For the reasons set forth above, I recommend that plaintiff's Complaint be dismissed for a

failure to state a claim upon which relief can be granted. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. See Fed.R.Civ.P.72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
March 14, 2005